UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61928-CIV-MARRA/JOHNSON
(03-60030-CR-MARRA)

BARUCH SHALIT,

    Movant/Defendant,
vs.

UNITED STATES OF AMERICA,

    Respondent/Plaintiff.
_____/

**OPINION AND ORDER AND FINAL JUDGMENT**

This cause is before the Court upon Movant Baruch Shalit's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed February 26, 2007 [DE 1]. The Court has carefully considered the motion, the response to the motion [DE 4] and is otherwise fully advised in the premises.

I. Background

Judgment was entered by this Court against Movant Baruch Shalit ("Movant") on May 28, 2004 after a jury trial [DE 422]. On or about June 2, 2004, Movant filed a Notice of Appeal [DE 423] challenging his conviction and sentence; specifically, (1) whether the evidence was sufficient to support his conviction; (2) whether the government's use, during cross-examination, of customer complaints that were already in evidence was plain error and (3) whether this Court committed plain error at sentencing by using the sentencing guidelines, or erred in its application of the guidelines. On December 13, 2005, the United States Court of Appeals for the Eleventh Circuit affirmed Movant's conviction. United States v. Da Silva, 159 Fed. Appx. 92, 2005 WL 3370616 (11th Cir. Dec. 13, 2005). The Eleventh Circuit rejected all of Movant's claims as

meritless including his arguments that the Government's use of customer complaints, during cross-examination of Movant, was plain error under Crawford v. Washington, 541 U.S. 36 (2004).  In addition, the Eleventh Circuit rejected Movant's contention that this Court committed plain error at sentencing using the sentencing guidelines or erred in its application of the guidelines. Subsequently, on February 27, 2007, the United States Supreme Court denied Movant's petition for writ of certiorari. Shalit v United States, 546 U.S. 1223 (2006).

      In the instant petition, Movant argues the following: (1) his trial counsel provided ineffective assistance of counsel when he failed to object at trial to the reading of customer complaints; (2) the trial court erred at sentencing in applying the sentencing guidelines enhancement for obstruction of justice and (3) the trial court erred by sentencing movant in excess of the prescribed statutory maximum.  In response, the Government states that Movant's first two arguments, which were raised on direct appeal, are procedurally barred.[1]  With respect to the remaining argument, the Government asserts that Movant's failure to raise it at trial or direct appeal renders it procedurally defaulted. With respect to the merits, the Government states that trial counsel provided adequate assistance and the disputed evidence was not testimonial and therefore did not implicate Crawford v. Washington.  Lastly, the Government asserts that this Court properly applied the sentencing enhancement for obstruction of justice and properly sentenced Movant within the applicable statutory maximum.

---

[1] The Government concedes Movant timely filed his petition. (Resp. at 21.)

II. Discussion

A.  Procedural Default

The law is clear that a petition brought under section 2255 cannot re-litigate issues that have been raised and considered on direct appeal.  See United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255.") (internal marks, citation and footnote omitted); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir.1994) (per curiam) (same); United States v. Rowan, 663 F.2d 1034, 1035 (11th Cir.1981) (per curiam) (same); United States v. Johnson, 615 F.2d 1125, 1128 (5th Cir.1980) (per curiam) (same); Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir.1978) (same).[2]  Furthermore, a claim not raised on direct appeal is procedurally defaulted unless the movant can establish cause and actual prejudice resulting from the errors of which he complains.  United States v. Frady, 456 U.S. 152, 167-69 (1982).  To show "cause," the movant must show "objective impediments to compliance with a procedural rule."  Murray v. Carrier, 477 U.S. 478, 488 (1986).  Examples include "showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials, made compliance impracticable."  Id. (internal citations and quotation marks omitted). Constitutionally ineffective assistance of counsel can also constitute cause. Holladay v. Haley, 209 F.3d 1243, 1254 (11th Cir. 2000); Hollis v. Davis, 941 F.2d 1471, 1476 (11th Cir. 1991).  Prejudice requires movant to establish substantial prejudice that undermined the

---

[2] Decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981 are binding on this Court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

integrity of the entire proceeding. Frady, 456 U.S. at 170. Jurisdictional defects, however, cannot be procedurally defaulted. McCoy v. United States, 266 F.3d 1245, 1248 (11th Cir. 2001).

The Court finds that Movant's claim that the trial court erred at sentencing in applying the sentencing guidelines enhancement for obstruction of justice is procedurally defaulted. Simply put, this claim was raised and considered on direct appeal and decided adversely against him.[3] With respect to Movant's claim that the trial court erred in sentencing him in excess of the prescribed statutory maximum for the offenses of conviction, the Court concludes this claim is also procedurally defaulted for failure to raise the claim on direct appeal. In addition, Movant did not make any showing of cause and prejudice for this Court to consider and the Court's review of the record does not demonstrate any reason to find that this standard has been met. Nor is the imposition of a sentence in excess of the statutory maximum a jurisdictional defect. See United States v. Cotton, 535 U.S. 625, 630 (2002) (jurisdiction means the court's statutory or constitutional power to adjudicate the case, thus a defective indictment does not deprive a court of jurisdiction); McCoy, 266 F.3d at 1249( "A jurisdictional defect is one that 'strip[s] the court of its power to act and ma[kes] its judgment void.'"); United States v. Caruthers, 458 F.3d 459, 476 (6th Cir. 2006) (McKeague, J. concurring) (a sentence imposed above the statutory maximum is legal error, but does not mean a judge has acted beyond his or her jurisdiction).[4]

---

[3] For the benefit of a complete record, the Court briefly addresses the merits of Movant's claim that the enhancement was based solely on his reply of "no" to the Government's question during cross-examination, "While you were at work at All Points, did you intend to defraud or cheat their customers?" As the record of the sentencing proceeding reflects, the Court merely referenced that response by Movant as one example of perjury. Indeed, the Court stated that it drew the conclusion that Movant committed perjury "in view of the evidence in this case."

[4] Movant contends that the sentence imposed on Count 3 of the indictment for wire fraud exceeded the statutory maximum. Because Movant has not challenged the validity of his

4

With respect to the ineffective assistance of counsel claim, the Court rejects the Government's argument that this claim is procedurally defaulted. On direct appeal, Movant argued that by allowing the Government to read from customer complaints that had already been admitted into evidence, Movant's confrontation rights under the Sixth Amendment to the United States Constitution were violated. On direct appeal, Movant noted that no objection was lodged at trial and that the proper standard of review on appeal was therefore "plain error."

It is axiomatic that appellate review about the admissibility of evidence is conducted under an abuse of discretion standard. United States v. Delgado, 321 F.3d 1338, 1347 (11th Cir. 2003). However, when an evidentiary ruling has not been preserved for appeal, appellate review proceeds under the stricter standard of plain error. United States v. Edouard, 485 F.3d 1324, 1343 (11th Cir. 2007). Thus, failure to lodge an objection at the trial level leaves a criminal defendant to make his/her arguments to an appellate court which must apply a more rigorous standard of review. Here, trial counsel's decision not to object to the admissibility of the customer complaints at trial made it less likely that the appellate court would issue a ruling in Movant's favor on this issue. For that reason, the Court finds that the ineffective assistance of counsel claim is not procedurally defaulted.

B. Merits of Movant's Claims

---

sentence on the basis of ineffective assistance of counsel, the Court will not address that question. Even if Movant had asserted ineffective assistance of counsel relative to this claim and the claim was not procedurally defaulted, Movant was not prejudiced. Movant was properly sentenced to 84 months imprisonment on Counts 14 and 21 for extortion. See 18 U.S.C. § 1951(a). Thus, even if Movant's sentence on Count 3 was reduced, it would not affect the sentence he will actually serve. All that would occur is the entry of an amended judgment reflecting a 60 month sentence on Count 3 to run concurrent with the 60 month sentence on Count 1 and concurrent with the 84 month sentence on Counts 14 and 21.

1)  Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance, a petitioner must demonstrate both that his attorney's efforts fell below constitutional standards, and that he suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668 (1984). Scrutiny of an attorney's performance is highly deferential. Reviewing courts will not second-guess strategic decisions; rather, the attorney's performance is evaluated in light of all the circumstances as they existed at the time of the conduct, and is presumed to have been adequate. Id. at 689-90.  In fact, when assessing a lawyer's performance, "[c]ourts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment."  Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). The Court's role in reviewing ineffective assistance of counsel claims is not to "grade a lawyer's performance; instead, [the court] determine[s] only whether a lawyer's performance was within the wide range of professionally competent assistance." Van Poyck v. Florida Dept. of Corrections, 290 F.3d 1318, 1322 (11th Cir. 2002) quoting  Strickland v. Washington, 466 U.S. at 690 (internal quotation marks omitted).  Review of counsel's conduct is to be highly deferential and  second-guessing of an attorney's performance is not permitted. Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994); White v. Singletary, 972 F.2d 1218, 1220 (11th Cir. 1992) ("Courts should at the start presume effectiveness and should always avoid second-guessing with the benefit of hindsight.").

As for the second prong, "[a] petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is high." Robinson v. Moore, 300 F.3d 1320, 1343-44 (11th Cir. 2002) (quotation marks, citation, and punctuation omitted). "Under the prejudice prong of

Strickland, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Grayson v. Thompson, 257 F.3d 1194, 1225 (11th Cir. 2001) (quotation marks and citation omitted). "Instead, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Sullivan v. DeLoach, 459 F.3d 1097, 1109 (11th Cir. 2006).

Here, Movant claims that his trial counsel failed to object when the Court permitted the Government to read from customer complaints seized from Movant's employer. In making that argument, Movant contends that the customer complaints were testimonial in nature and therefore the customers should have been available for cross-examination pursuant to Crawford. In Crawford, the United States Supreme Court abrogated Ohio v. Roberts, 448 U.S. 56 (1980) in holding that "[w]here testimonial evidence is at issue . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." Crawford, 541 U.S. at 68. In defining the term "testimonial," Crawford stated that "it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury or at a former trial; and to police interrogations." Id. at 68. Additionally, Crawford identified three categories of testimonial statements: (1) "ex parte in-court testimony or its functional equivalent--that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially;" (2) "extrajudicial statements . . . contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions" and (3) "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." Id. at 51. Notably, Crawford did

7

not change the law with respect to non-testimonial hearsay. Id. at 68. ("Where non-testimonial hearsay is at issue, it is wholly consistent with the framers' design to afford the States flexibility in their development of hearsay law"). Furthermore, Crawford noted that "[m]ost of the hearsay exceptions covered statements that by their nature were not testimonial--for example, business records or statements in furtherance of a conspiracy." Id. at 55.

Significantly, none of the categories of statements identified by Crawford as testimonial and requiring the opportunity for cross-examination are implicated by the admission of the customer complaints into evidence. These complaints were sent to the company where Movant worked by customers dissatisfied with the company's service in an effort to resolve their dispute. Nothing about those complaints was formal or would lead an objective witness reasonably to believe that the complaints would be used in a prosecutorial manner or at a trial. Indeed, Movant does not identify any caselaw for the Court's consideration holding that statements similar to those found in the customer complaints are testimonial in nature. Absent a finding that these statements are testimonial, Crawford does not apply.

Given the inapplicability of Crawford to these facts, there is no basis for finding that Movant trial counsel's decision not to object to the admission of evidence based on Crawford fell below the constitutional standards set forth in Strickland. Even assuming arguendo that trial counsel's performance was deficient, Movant simply cannot show that trial counsel's performance "actually had an adverse effect on the defense." Strickland, 466 U.S. at 693-94. The disputed evidence was merely cumulative to the complaints recounted by testifying customers, and there was ample other evidence of Movant's guilt.

2)  Claim of Illegal Sentence [5]

"A prisoner in federal custody may obtain relief under section 2255 provided: the sentence is unconstitutional or in violation of the laws of the United States; the court lacked jurisdiction to impose the sentence; *the sentence exceeds the maximum penalty authorized by law*; or the sentence is subject to collateral attack."  Garland v. United States, 837 F.2d 1563 (1988) citing 28 U.S.C. § 2255; Hill v. United States, 368 U.S. 424, 426-27 (1962) (emphasis added); see also United States v. Rivera, 376 F.3d 86, 92 (2d Cir. 2004) (section 2255 "expressly provides" that a federal prisoner may seek relief if the sentence was in "excess of the maximum authorized by law").  Thus, Movant's claim that his sentence exceeds the maximum penalty is properly brought under section 2255.

The parties agree that Movant was sentenced to 60 months on one count of conspiracy to commit wire fraud, mail fraud, extortion and "weight bumping" in violation of 18 U.S.C. § 371 and 84 months on one count of wire fraud in violation of 18 U.S.C. § 1343 and two counts of extortion in violation of 18 U.S.C. § 1951, all to run concurrently.  In addition, the parties concur that Congress increased the maximum term of imprisonment for a violation of the wire fraud statute from five years to 20 years in 2002. Movant states, and the indictment confirms, that the underlying conduct giving rise to wire fraud occurred on February 19, 2002, which was prior to the increase in the statutory maximum.  Clearly, then, Movant's sentence with respect to the wire fraud count exceeded the maximum penalty authorized by law.[6]

---

[5] Despite the Court's finding that this claim is procedurally defaulted, the Court will discuss the merits of this claim for the purpose of a full record.

[6] Given that Movant is serving 84 months on the extortion counts, this error would not alter the amount of time to be served.  Thus, as previously indicated, Movant has not been

In making this ruling, the Court rejects in its entirety the Government's argument that the Court should use the date the indictment was filed, July 24, 2003, in deciding which version of the wire fraud statute applies. As set forth in article I, section 9 of the United States Constitution, "[n]o Bill of Attainder or ex post facto law shall be passed." The ex post facto clause bars laws that "retroactively alter the definition of crime or increase the punishment for criminal acts." California Dept. of Corrections v. Morales, 514 U.S. 499, 504 (1995) quoting Collins v. Youngblood, 497 U.S. 37, 43 (1990). An ex post facto criminal law is retrospective, meaning it applies to events occurring before its enactment, and "disadvantage[s] the offender affected by it." Weaver v. Graham, 450 U.S. 24, 29 (1981) citing Lindsey v. Washington, 301 U.S. 397, 401 (1937). Here, the application of the amended wire fraud statute that increased penalties had not been enacted when Movant committed wire fraud, thus it is clearly retrospective and disadvantageous to Movant. See United States v. De La Mata, 266 F.3d 1275, 1286 (11th Cir. 2001) (ex post facto clause prohibits enactment of statutes that make burdensome the punishment for a crime after its commission); cf. United States v. Aviles, ---- F.3d ----, 2008 WL 565109, * 1 (11th Cir. Mar. 4, 2008) (when ex post facto concerns exist, a defendant must be sentenced using the Guidelines Manual in effect at the time the crime is committed.). As such, the Government's claim that the filing of the indictment determines the version of the statute to be applied is simply untenable.[7]  In any event, as discussed herein, this claim is procedurally defaulted and therefore no relief can be afforded to Movant on this basis.

---

prejudiced by any error in this regard.

[7] The Court is puzzled that the Government chose to advance this argument given that the penalty sheets attached to the indictments clearly state that the statutory maximum on the wire fraud count is five years. (DE 3, 199, 265 in case no. 03-60030-CR.)

III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Movant Baruch Shalit's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 1] is **DENIED**.  The Clerk shall **CLOSE** this case and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 8th day of May 2008.

_____
KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record